# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MINDSIGHT MEDICAL, LLC | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-1989-S |
| GOLLA CENTER FOR PLASTIC SURGERY, P.C. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Mindsight Medical, LLC's Motion to Extend Deadline for Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction ("Motion") [ECF No. 9]. The Court has reviewed and considered the Motion, Defendant Golla Center for Plastic Surgery, P.C.'s Response in Opposition to Plaintiff's Motion [ECF No. 11], Plaintiff's Reply in Support of Its Motion ("Reply") [ECF No. 13], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

### I. BACKGROUND

This is a breach of contract case. Plaintiff, a tissue bank that supplies human cells, tissues, and cellular-based products, entered into the BioLab Sciences Fluid Flow Rebate Fulfillment Agreement ("Agreement") with Defendant, a plastic surgery center that uses human tissue products. Pl.'s Original Pet. ("Pet.") [ECF No. 1-3] 10-11 ¶¶ 9-11. Pursuant to the Agreement, Plaintiff sold its products to Defendant. *Id.* at 11 ¶ 11. According to Plaintiff, Defendant stopped paying invoices in or around September 2020. *Id.* at 12 ¶ 19. On September 5, 2023, Defendant removed the case to this Court. Days later, Defendant filed its Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 4]. In response, Plaintiff filed the Motion, in which it seeks a

ninety-day extension of its deadline to respond to Defendant's Motion to Dismiss and requests leave to conduct jurisdictional discovery.[1] Mot. ¶ 12.

## II. ANALYSIS

The decision to permit discovery regarding personal jurisdiction rests within the Court's discretion. *See Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). To establish that it is entitled to jurisdictional discovery, the movant must make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (citation omitted); *see also Next Techs., Inc. v. ThermoGenisis, LLC*, 121 F. Supp. 3d 671, 676 (W.D. Tex. 2015) ("A preliminary showing does not require proof that personal jurisdiction exists, but 'factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts.'" (quoting *Fielding*, 415 F.3d at 429)). The movant "must show that [discovery] is likely to produce the facts needed to withstand dismissal," and it must identify the specific facts it expects to uncover. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) (citations and internal quotation marks omitted).

The Court concludes that Plaintiff is entitled to conduct jurisdictional discovery. In the Petition, Plaintiff alleges that Defendant, among other things, "conducted business in Texas, including by intentionally contract with a Texas company to perform an obligation in Texas," "market[ed] its products to Texas residents," "maintain[ed] an interactive website" with which Texas residents could engage, and "initiated contact with Plaintiff on multiple occasions, knowing Plaintiff is in Texas." Pet. 10-11 ¶¶ 5, 7. Attached to the Petition is the Agreement, which is governed by Texas law. Pet. Ex. 1 [ECF No. 1-3] 20.

---

[1] In the Motion, Plaintiff also requests an extension of time to file its certificate of interested persons. The Court previously granted that request. *See* ECF No. 10.

In its briefing on the Motion, Plaintiff details the facts it seeks to discover, including facts about contract negotiations, Defendant's understanding of the future consequences of the Agreement, communications regarding the Agreement, and the contemplated length of the contractual relationship. Reply 6-7. Plaintiff also lists the facts it expects to learn from such discovery that would support the exercise of personal jurisdiction, including that Defendant "was in continuous and extended contact with its product and service vendors in Texas." Mot. ¶ 14. Therefore, the Court concludes that Plaintiff has met its burden to demonstrate its entitlement to jurisdictional discovery.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Extend Deadline for Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 9]. The Court **GRANTS** Plaintiff leave to conduct jurisdictional discovery for 45 days from the date of this Order. Any discovery requests must be served so that timely responses are due by the close of jurisdictional discovery. The Court further **ORDERS** that Plaintiff's deadline to respond to Defendant's Motion to Dismiss is extended to 14 days after the close of jurisdictional discovery.

**SO ORDERED.**

SIGNED October 26, 2023.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**